UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE HERNANDEZ on behalf of himself and others similarly situated,

    Plaintiff,

-against-

AUTO PERFECTION ASSOCIATES INC., DANIEL MAYA, and FABIO ABREU

    Defendants.

Case No.: 1:25-cv-767

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff JOSE HERNANDEZ on behalf of himself and others similarly situated ("Mr. Hernandez" or "Plaintiff"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants AUTO PERFECTION ASSOCIATES, INC. ("Corporate Defendant" or the "Company"), DANIEL MAYA and FABIO ABREU (collectively the "Individual Defendants") as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA) and New York Labor Law §§ 190, 215, 650 *et seq.* (NYLL). Plaintiff seeks damages to redress injuries he has suffered as a result of Defendants' failure to pay him properly and retaliation.

2. Plaintiff brings this action pursuant to the FLSA and the regulations thereto and NYLL and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions Defendants committed:

    i. Defendants' failure to pay Plaintiff, who worked in excess of forty (40) hours per week, proper overtime compensation required by federal and state law and regulations;

    ii. Defendants' failure to pay Plaintiff the required minimum wage;

    iii. Defendants' failure to provide Plaintiff with required wage notices and paystubs under NYLL § 195;

    iv. Defendants' unlawful deductions from Plaintiff's pay under NYLL § 193;

    v. Defendants' failure to pay Plaintiff on the schedule required by NYLL § 191; and

    vi. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 142-2.4.

3. Plaintiff also asserts a claim for unlawful retaliation under the FLSA and NYLL.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the FLSA, 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Jurisdiction is conferred on this Court because Plaintiff and Defendants named herein are residents of the State of New York and/or conduct business in the State of New York. Jurisdiction is conferred on this Court as to all causes of action because they arise under New York State and New York City statutory law.

6. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

### *Plaintiff*

7. Plaintiff is a New York resident.

8. Plaintiff was at all times an "employee" within the meaning of the FLSA and State Law.

### *Defendants*

9. The Corporate Defendant is a car detailer based in New Jersey and New York.

10. Upon information and belief, the Corporate Defendant is a foreign business corporation organized and existing under the laws of the State of New Jersey and maintains its principal place of business in New Jersey.

11. Upon information and belief, at all times relevant hereto, the Company has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

12. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA. In particular, Plaintiff used tools and materials, which originated outside of New York State.

13. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA.

14. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

16. Each Individual Defendant is the owner of the Corporate Defendant and at all relevant times held supervisory authority over Plaintiff by, inter alia, setting Plaintiff's schedule, assigning tasks to Plaintiff, and taking disciplinary action against Plaintiff.

## FACTUAL ALLEGATIONS
### *Wage and Hour Violations*

17. Plaintiff worked for Defendants in New York City from January 2020 until February 3, 2023, performing manual labor such as washing and polishing cars.

18. Plaintiff's initial pay was $13 an hour, then went up to $15 per hour in 2021.

19. Plaintiff worked Mondays through Saturdays.

20. Plaintiff's schedule from Monday to Friday was 7:00 a.m. to 6:00 p.m.

21. Plaintiff therefore worked a shift longer than 10 hours every weekday.

22. Plaintiff's schedule on Saturdays was from 7:00 a.m. to 4:00 p.m.

23. For the first two years of Plaintiff's employment, Defendants paid him entirely in cash, and afterward, he was paid 40 hours by check and his remaining pay in cash.

24. Defendants unlawfully deducted $40 from Plaintiff's pay every other week and did not provide an explanation for this pay.

25. Plaintiff was paid biweekly every other Saturday.

26. Plaintiff consistently experienced issues with cashing or depositing his paychecks, including that the checks bounced on several occasions.

27. The checks bouncing led to delays in Plaintiff being able to pay rent and access his pay.

28. On two occasions, Plaintiff had to wait a few days to deposit his paycheck, and on one occasion when his paycheck bounced Defendants sent him his pay through Zelle transfer.

29. On four or five occasions in February 2023, Plaintiff complained to Defendant Fabio about these three late payments.

30. Defendant Fabio responded that Plaintiff was "asking for too much" by expecting his pay on time.

31. Finally, Fabio terminated Plaintiff in early February 2023.

32. Defendants failed to provide Plaintiff with the required notice at the time of his hiring pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendants and Plaintiff never received such a notice.

33. At all times relevant herein, Defendants failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) that reflected Plaintiff's work hours and earned wages claimed.

34. Defendants' failure to provide these documents kept Plaintiff uninformed about his pay and therefore prevented him from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.

**Collective Action Allegations.**

35. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

36. Plaintiff's Consent to Sue is attached as **Exhibit 1**.

37. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants who worked at Defendants' car dealerships pursuant to 29 U.S.C. § 216(b).

38. Upon information and belief, there are at least 40 employees performing similar duties working at Defendants' car dealerships who have been denied proper pay while working for Defendants.

39. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage and overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

40. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

III. **Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

41. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect

to their work for Defendants and who have worked for the Defendants performing similar duties as Plaintiff working at Defendants' car dealerships during the relevant statute of limitations.

42. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

43. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

44. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

45. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

46. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

47. Plaintiff brings the second and fifth through ninth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

**FIRST CAUSE OF ACTION**
**(FLSA Overtime Wage Violations)**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

50. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

51. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL Overtime Wage Violations)

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

54. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

55. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment

interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### (Retaliation in Violation of FLSA)

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants retaliated against Plaintiff for engaging in protected activity by terminating him when he complained about not being paid overtime.

58. By the acts and practices described herein, Defendants intentionally and willfully violated the FLSA by retaliating against Plaintiff.

59. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

60. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### FOURTH CAUSE OF ACTION
### (Retaliation in Violation of NYLL)

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. Defendants retaliated against Plaintiff for engaging in protected activity by terminating him when he complained about not being paid overtime.

63. By the acts and practices described herein, Defendants intentionally and

willfully violated State Law by retaliating against Plaintiff.

64. As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

65. As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### FIFTH CAUSE OF ACTION
### (NYLL §191 Violations)

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Pursuant to §191 of the NYLL, Defendants were required to pay Plaintiff weekly.

68. Defendants failed to pay Plaintiff weekly.

69. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such wage notice and statements, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CAUSE OF ACTION
### (NYLL Spread-of-Hours)

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Pursuant to 12 NYCRR 142-2.4, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

72. Although Plaintiff frequently worked more than 10 hours in a single day, Defendants failed to compensate Plaintiff for one hour's pay at the minimum wage when he did so.

73. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
**(NYLL Failure to Notify)**

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

76. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

77. Defendants failed to provide Plaintiff with a notice or proper paystub in accordance with §195 of the NYLL.

78. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### EIGHTH CLAIM FOR RELIEF
### (NYLL Minimum Wage)

79. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

80. Defendants failed to pay Plaintiff at the New York State minimum wage, in violation of NYLL § 652.

81. Defendants' failure to pay Plaintiff lawful minimum wages was willful.

82. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid minimum wage payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### NINTH CAUSE OF ACTION
### (NYLL Unlawful Pay Deductions)

83. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84. By the acts and practices described herein, Defendants intentionally and willfully violated State Law by making unauthorized deductions from Plaintiff's pay under NYLL § 193 and NYCRR §195-2.1.

85. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 198 and 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. F. Plaintiff's costs and reasonable attorneys' fees.

Dated: January 16, 2025
New York, NY

Respectfully submitted,

By: *Michael Taubenfeld*
Michael Taubenfeld, Esq.
Attorneys for Plaintiff
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700