# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE HERNANDEZ, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>    -against-<br><br>AUTO PERFECTION ASSOCIATES INC., DANIEL MAYA, and FABIO ABREU,<br><br><br><br>        Defendants. | Case No.: 1:25-cv-767 (JLR) |

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this 4th day of March, 2026 by Plaintiff JOSE HERNANDEZ and Defendants AUTO PERFECTION ASSOCIATES INC. and DANIEL MAYA (Plaintiff and the Defendants are the "Parties");

**WHEREAS**, Plaintiff commenced the within action (the "Action") asserting Fair Labor Standards Act and New York Labor Law arising from and related to his employment with Defendants;

**WHEREAS**, the Court dismissed Fabio Abreu from this Action;

**WHEREAS**, the parties reached a settlement in principle following a mediation on January 13, 2026;

4922-8546-7540, v. 1

**WHEREAS** Defendants deny the allegations and deny all liability;

**WHEREAS** the Parties are desirous of resolving the present litigation and dispute between them;

**WHEREAS**, the Parties have now reached an agreement to resolve Plaintiff's claims;

**WHEREAS,** it is expressly understood that Plaintiff and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

**NOW THEREFORE**, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. **Payments**:

   a. Defendants agree to pay $75,000 to resolve this matter ("Settlement Payment"). All payments set forth below will be sent to Plaintiff care of his counsel of record, Fisher Taubenfeld LLP ("Plaintiff's Counsel"), Attn: Michael Taubenfeld, Esq., 225 Broadway, Suite 1700, New York, New York 10007, no later than the dates specified herein. The breakdown between Plaintiff and his counsel shall be as follows: Plaintiff shall receive $49,867.20 and Plaintiff's counsel shall receive $25,132.80.

   b. The Settlement Payments shall be made as follows: Defendants agree to pay the initial payment of $30,000 by March 1, 2026. The breakdown between Plaintiff and his counsel for this payment shall be as follows: Plaintiff shall receive $19,946.88 and Plaintiff's counsel shall receive $10,053.12.

   c. Defendants shall then pay the remaining $45,000 in 9 equal monthly installments of

$5,000 beginning on March 30, 2026 and ending on November 30, 2026. The breakdown between Plaintiff and his counsel for each of these payments shall be as follows: Plaintiff shall receive $3,324.48 and Plaintiff's counsel shall receive $1,675.52.

d. In the event the Agreement is not approved by the Court by March 1, 2026, Defendants shall be excused from making any payments until the Agreement is approved. Defendants agree to make all then-accrued Settlement Payments no later than 15 calendar days after the date all of the following occur: (1) Plaintiff executes the Agreement; and (2) the Court approves the Agreement and dismisses the Action.

e. The payments to Plaintiff shall be made via checks made out to Jose Hernandez. The payments to Plaintiff's counsel shall be made via checks made out to Fisher Taubenfeld LLP.

f. All payments to Fisher Taubenfeld LLP shall include payment for all attorneys' fees and costs and shall be inclusive of all claims for attorneys' fees and expenses.

g. Defendants shall each be jointly and severally liable for all payments under this Agreement.

h. In the event that any of the payments required hereunder are not timely made, Plaintiff's counsel may issue a written Notice of Breach and send same to Defendants' counsel in accordance with Paragraph 5 of this Agreement. Defendants shall thereafter have seven (7) calendar days to cure the Breach by paying the past due payment. If Defendants fail to cure the Breach within seven (7) calendar days of service of the Notice of Breach they shall be in default, rendering Defendants jointly and severally liable for the sum of $112,500, minus any amount previously paid, and

Plaintiff will be entitled to recover any collection costs incurred in enforcing this Agreement, obtaining a judgment and collecting on the judgment. The consent judgment to be signed by Defendants, which is appended hereto as **Exhibit 1**, is incorporated by reference herein and shall be held in escrow by Plaintiff's counsel and not released unless there is a default under this Agreement, and Defendants fail to cure within the time period required. After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State or State of New Jersey substantive contract law, and warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate any judgment. It is also understood that this default provision was a *sine qua non* for extending the Defendants' time to make payment hereunder, and Plaintiff insisted upon this provision to ensure that the Settlement Payments are given sufficient priority among the Defendants' other financial obligations.

### 2. Release of Claims:

Plaintiff waives all claims against Defendants, and releases and forever discharges Defendants to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, that Plaintiff may have against Defendants under the Fair Labor Standards Act and New York Labor Law. To the greatest extent permitted by law, Plaintiff hereby releases all claims that he brought in the Action and this Agreement resolves all of the claims brought by Plaintiff in the Action.

### 3. Integration Clause:

This Agreement constitutes the entire and only understanding and agreement

4922-8546-7540, v. 1

among Plaintiff and Defendants respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

**4. Additional Clauses:**

      a.     This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

      b.     This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any Breach hereunder by any other party shall not operate as a waiver of any other Breach, whether similar to or different from the Breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

      c.     This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

      d.     The Parties agree that the substance and terms of, but not the fact of, this Agreement shall remain confidential, and shall not be disclosed by any party except (a) as may be required to enforce the terms of this Agreement or as may otherwise be required by law; (b) to Plaintiff's immediate family, spouse, or romantic partner, (c) as may be required to secure the

4922-8546-7540, v. 1

dismissals of the Action; and (d) to the Parties' respective attorneys, auditors, accountants, trustees, and/or financial advisors on a confidential need to know basis only. However, this confidentiality clause shall not prevent the Parties from discussing the facts underlying, or the settlement of the Action.

> e.    This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

> f.    Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

> g.    The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Southern District of New York and, alternatively, the Supreme Court of the State of New York, County of New York, to enforce the terms of this Agreement. Defendants agree not to challenge the jurisdiction or venue of the United States District Court for the Southern District of New York and Supreme Court of the State of New York, County of New York.

5. **Notices**:

Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Andrew R. Bronsnick, Mandelbaum Barrett PC, email address: abronsnick@mblawfirm.com. If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com. A party may change its email address for notices by providing notice to such effect in accordance with this Paragraph.

4922-8546-7540, v. 1

6. **Representations and Acknowledgments**

Plaintiff and Defendants represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of arms-length negotiations between the attorneys of the Parties. Plaintiff and Defendants further represent that:

(a) They have reviewed each and every provision of this Agreement;

(b) That this Agreement appears to them to have been written in a manner calculated to be understood by them;

(c) They in fact fully understand this Agreement, including the release of claims;

(d) The Parties also represent that they voluntarily and knowingly enter into this Agreement of their own free will;

(e) The Parties further represent that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

7. **Additional Terms**

a.    The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

4922-8546-7540, v. 1

b.    This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the Parties.  This Agreement may not be modified orally.

c.    This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pdf, Docusign, and/or facsimile signatures will be recognized with same force and effect as originals.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE.  THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT.  THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE CLAIMS. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By the Plaintiff:

Dated:  3/5/2026 _____    _____

JOSE HERNANDEZ

4922-8546-7540, v. 1

By the Defendants:

Dated: 3\3\26 _____

_____
DANIEL MAYA

Dated: 3\3\26 _____

_____
By: DANIEL MAYA
For AUTO PERFECTION ASSOCIATES INC.

4922-8546-7540, v. 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE HERNANDEZ, individually and on behalf of others similarly situated,

Plaintiff,

-against-

AUTO PERFECTION ASSOCIATES INC., DANIEL MAYA, and FABIO ABREU,

Defendants.

Case No.: 1:25-cv-767 (JLR)

**CONSENT JUDGMENT**

**WHEREAS**, Plaintiff JOSE HERNANDEZ commenced the within action (the "Action") asserting claims arising from and related to her employment by Defendants AUTO PERFECTION ASSOCIATES INC., DANIEL MAYA, and FABIO ABREU;

**WHEREAS**, Plaintiff asserted claims under the Fair Labor Standards Act, U.S.C. § 201 *et seq.* along with state law claims;

**WHEREAS** Defendants deny the allegations and deny all liability;

**WHEREAS** the Court dismissed the claims against Defendant Abreu without prejudice;

**WHEREAS**, the parties entered into an agreement following a mediation on January 13, 2026;

**WHEREAS**, the parties entered into a further Agreement ("Agreement") on February ____, 2026;

4925-7286-9524, v. 1

**WHEREAS**, the Court approved the Agreement on _____ ____, 2026;

**WHEREAS**, under the Agreement, Defendants agreed to pay $75,000 to Plaintiff by paying $30,000 by March 1, 2026 and the remaining $45,000 in 9 equal monthly installments of $5,000 beginning on March 30, 2026 and ending on November 30, 2026;

**WHEREAS**, the Agreement provides that should Defendants default on any payment, they may cure their breach within seven calendar days of Plaintiff's sending a notice of breach;

**WHEREAS**, the Agreement provides that should Defendants fail to cure any default, Plaintiff may submit a consent judgment to the Court for its review and execution;

**WHEREAS**, the Agreement further provides that should Defendants fail to cure any default they shall be jointly and severally liable for the sum of $112,500, minus any amount previously paid, as liquidated damages and not as a penalty and Plaintiff will be entitled to recover any collection costs incurred in enforcing the agreement, obtaining a judgment and collecting on the judgment;

**WHEREAS**, Defendants have failed to cure a default;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

Defendants having agreed under the terms of the Agreement to the entry of judgment in Plaintiff's favor in the amount of $112,500 minus payments already made, the Court HEREBY ENTERS judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $_____.

4925-7286-9524, v. 1

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for purposes of overseeing post-judgment discovery and enforcing the final judgment and any additional orders necessary and appropriate to the public interest.

Dated: _____

**FISHER TAUBENFELD LLP**                    **MANDELBAUM BARRETT PC**

By: _Michael Taubenfeld_____             By:_____
    Michael Taubenfeld, Esq.                     Andrew R. Bronsnick, Esq.
    225 Broadway, Suite 1700                     3 Becker Farm Road, Suite 105
    New York, New York 10007                     Roseland, NJ 07068
    *Attorneys for Plaintiff*                    *Attorneys for Defendants*

SO ORDERED:

_____
Hon. Jennifer L. Rochon, U.S.D.J.

4925-7286-9524, v. 1