UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE HERNANDEZ, on behalf of himself and
others similarly situated,

                            Plaintiff,

            -against-

AUTO PERFECTION ASSOCIATES, INC. and
DANIEL MAYA,

                            Defendants.

Case No. 1:25-cv-00767 (JLR)

**ORDER APPROVING
SETTLEMENT**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff brought this action on January 27, 2025, asserting claims against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, among other state law claims. *See* Dkt. 1. On November 25, 2025, this matter was referred to the Southern District of New York's mediation program pursuant to Local Civil Rule 83.9, *see* Dkt. 48, and on January 20, 2026, the Court was informed that mediation was held and agreement was reached on all issues, *see* Dkt. 55. On March 6, 2026, the parties filed an application for approval of their proposed settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), with reference to the factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). *See* Dkts. 61, 61-1, 61-3. On March 17, 2026, the Court held a hearing regarding the application. *See* Dkt. 62.

For the reasons stated on the record at the hearing, the Court has reviewed the parties' application and proposed settlement agreement and finds that the settlement is fair and reasonable. The Court also finds that the requested attorneys' fees and costs are reasonable. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (explaining that the district court's obligation to review FLSA settlements for reasonableness "extends to the reasonableness of attorneys' fees and costs"). Plaintiff and his counsel "agreed in advance

that [counsel] would be entitled to one-third of the settlement as attorney's fees," no class has been certified, the proposed settlement would not create a common fund, and there is no indication that the contingency fee arrangement was the result of "overreaching or of any deceptive conduct." *Puerto v. Happy Life Home Health Agency Inc.*, 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023); *see also Paulino v. S & P Mini Mkt. Corp.*, 790 F. Supp. 3d. 319, 332-33 (S.D.N.Y. 2025).

By separate order, the Court shall so order the parties' Stipulation and Order of Dismissal with prejudice.  *See* Dkt. 61-2 at 3.

The Clerk of Court is respectfully directed to terminate the pending motions at Dkts. 35, 45, and 61.

Dated: March 17, 2026
          New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

2