UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE HERNANDEZ, on behalf of himself and others similarly situated,<br><br>                         Plaintiff,<br><br>          -against-<br><br>AUTO PERFECTION ASSOCIATES, INC. and DANIEL MAYA,<br><br>                         Defendants. | Case No. 1:25-cv-00767 (JLR)<br><br>**<u>MEMORANDUM OPINION AND ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Jose Hernandez ("Plaintiff") moves to enforce the parties' Court-approved settlement agreement and for entry of judgment against Defendants Auto Perfection Associates, Inc. ("Auto Perfection Associates") and Daniel Maya ("Maya") (together, "Defendants"), jointly and severally, in the amount of $112,500. Dkt. 65. Although Plaintiff's motion is styled as a request to enter the consent judgment executed in connection with the settlement agreement, the requested relief is, in substance, a motion to enforce the settlement agreement because the entry of that consent judgment is a remedy expressly provided by the agreement. Defendants have not opposed the motion.

For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

Plaintiff, a former employee of Defendants, commenced this action asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), including claims arising from alleged wage violations and retaliation. Dkt. 1 ("Compl.") ¶¶ 1-2. Defendants initially defaulted, and Plaintiff moved for default judgment. Dkt. 35. Defendants later appeared through counsel and opposed that motion. Dkts. 44, 45. The

Court then held the motions in abeyance while the parties participated in court-ordered mediation, Dkts. 52, 54, which was successful, Dkt. 57.

On March 5, 2026, Plaintiff and Defendants finalized a settlement agreement resolving Plaintiff's claims. Dkt. 61-1 ("Settlement Agreement") at 9-10. Defendant Fabio Abreu had previously been dismissed from this action and is not a party to the Settlement Agreement. Dkt. 9. Under the Settlement Agreement, Auto Perfection Associates and Maya agreed, jointly and severally, to pay Plaintiff a total of $75,000. Settlement Agreement §§ 1.a, 1.g. The Agreement required an initial payment of $30,000 by March 1, 2026, with the remaining $45,000 to be paid in nine monthly installments of $5,000 beginning on March 30, 2026, and ending on November 30, 2026. *Id.* §§ 1.b, 1.c. If, however, the agreement was not approved by the Court by March 1, 2026, Defendants were excused from making payments until Court approval, and all then-accrued payments became due no later than fifteen calendar days after the Court approved the Agreement and dismissed the action. *Id.* § 1.d.

The Settlement Agreement further provides that, if any payment is not timely made, Plaintiff's counsel may issue a written notice of breach to Defendants' counsel. *Id.* § 1.h. Defendants then have seven calendar days to cure the breach by paying the past-due amount. *Id.* If Defendants fail to cure within that period, Defendants are in default and become jointly and severally liable for $112,500, minus any amount previously paid. *Id.* The Settlement Agreement also provides that Defendants execute a consent judgment to be held in escrow by Plaintiff's counsel and released only upon Defendants' uncured default. *Id.* Defendants expressly agreed that this default provision was "not a penalty or forfeiture" under New York or New Jersey substantive contract law, warranted that they would not make such an argument in opposition to entry of judgment or in support of vacatur, and acknowledged that the provision was a *sine qua non* of Plaintiff's agreement to accept payment over time. *Id.*

2

The parties submitted the Settlement Agreement to the Court for review pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Dkt. 61. On March 17, 2026, the Court approved the settlement and dismissed the action. Dkts. 63, 64. In so doing, the Court expressly retained jurisdiction "for purposes of enforcing the parties' settlement agreement and to enter the consent judgment attached to the parties' settlement agreement." Dkt. 63 at 1.

The initial payment thereafter became due on April 1, 2026. *See* Settlement Agreement § 1.d. On April 6, 2026, Defendants advised Plaintiff that they did not expect to make the initial payment. Dkt. 65-3 at 3. On April 7, 2026, Plaintiff's counsel served Defendants' counsel with a written notice of breach by email, as required by the Settlement Agreement. *Id.* at 2; Settlement Agreement §§ 1.h, 5. According to Plaintiff, Defendants did not cure the breach within seven calendar days and have made no payments under the Settlement Agreement. Dkt. 65 at 2. Plaintiff now seeks enforcement of the Settlement Agreement through entry of the consent judgment in the amount of $112,500. *Id.* Defendants' deadline to oppose the motion, April 28, 2026, has since passed with no communication or response from Defendants. Plaintiff's motion is therefore unopposed.

## LEGAL STANDARD

"A settlement is a contract, and once entered into is binding and conclusive." *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989), *abrogated on other grounds by Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994); *accord Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). "Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction." *Thurston v. Flyfit Holdings, LLC*, No. 18-cv-09044 (PAE) (SN), 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020) (citation omitted). Accordingly, a district court has authority to enforce a settlement agreement reached in

a case before it, including by entry of judgment, only to the extent that the court has retained ancillary jurisdiction over the settlement. *See Sapon v. Hanbat Rest., Inc.*, No. 18-cv-11457 (SLC), 2021 WL 621170, at \*1 (S.D.N.Y. Feb. 16, 2021); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381-82 (1994); *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). "[A]ncillary jurisdiction . . . allows a district court to decide matters that are factually interdependent with another matter before the court, or to take actions necessary to manage its proceedings, vindicate its authority, and effectuate its decrees." *Lei v. Haryin Inc.*, 644 F. Supp. 3d 1, 4 (S.D.N.Y. 2022) (internal quotation marks and citation omitted). To retain ancillary jurisdiction to enforce a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson*, 791 F.3d at 358.

When a district court has done so, it may "enforce the settlement as an exercise of its ancillary jurisdiction." *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 305 (2d Cir. 2014). In so doing, the Court applies general principles of contract law. *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) ("[S]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." (citation omitted)). The Settlement Agreement is governed by New York law. Settlement Agreement § 4.e. "Under New York law, the elements of a breach of contract claim 'include the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages.'" *Wilder v. World of Boxing LLC*, 777 F. App'x 531, 533 (2d Cir. 2019) (summary order) (quoting *Harris v. Seward Park Hous. Corp.*, 913 N.Y.S.2d 161, 162 (N.Y. App. Div. 2010)); *accord Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011).

4

**DISCUSSION**

## I.    The Court Has Ancillary Jurisdiction

The Court has jurisdiction to enforce the Settlement Agreement.  On March 17, 2026, the Court entered a stipulation and order of dismissal, which expressly provided that this Court "shall retain jurisdiction for purposes of enforcing the parties' settlement agreement."  Dkt. 63 at 1.  Indeed, the Court's dismissal order specifically retained the Court's jurisdiction not only to enforce the Settlement Agreement but also to enter the consent judgment attached to it.  *Id.*  The Court therefore has ancillary jurisdiction to enforce the Settlement Agreement.  *See Hendrickson*, 791 F.3d at 358 ("[T]o retain ancillary jurisdiction over enforcement of a settlement agreement . . . a district court's order of dismissal must . . . expressly retain jurisdiction over the settlement agreement[.]").  Having confirmed that it has jurisdiction, the Court proceeds to the merits.

## II.    Plaintiff Is Entitled to Enforcement of the Settlement Agreement

Plaintiff has established each element of breach required to enforce the Settlement Agreement.  First, the parties entered into a written Settlement Agreement resolving Plaintiff's FLSA and NYLL claims.  *See generally* Settlement Agreement.  That Settlement Agreement was executed by Plaintiff, Defendant Maya individually, and Maya on behalf of Auto Perfection Associates.  *Id.* at 9-10.  The Settlement Agreement was then submitted to the Court for *Cheeks* review and approved.  Dkts. 61, 64.

Second, Plaintiff performed under the Settlement Agreement by agreeing to resolve and release his claims and by obtaining dismissal of the action upon Court approval of the Settlement Agreement.  *See* Dkt. 63; *see also Romero v. New Blue Flowers Gourmet Corp.*, No. 16-cv-08753 (DF), 2021 WL 860986, at *3 (S.D.N.Y. Mar. 8, 2021) ("Plaintiff performed his part by voluntarily agreeing to the dismissal of his claims[.]"); *Tendilla v. 1465 Espresso Bar LLC*, No.

18-cv-05991 (AJN), 2021 WL 2209873, at *2 (S.D.N.Y. June 1, 2021) ("By stipulating to the dismissal with prejudice of his claims, Plaintiff satisfied his end of the bargain.").

Third, Defendants breached the Settlement Agreement. Once the Court approved the Settlement Agreement and dismissed the action on March 17, 2026, Defendants' initial $30,000 payment became due fifteen calendar days later, on April 1, 2026. *See* Settlement Agreement § 1.d. The record reflects that Defendants did not make that payment. *See generally* Dkt. 65-3. Plaintiff then served a written notice of breach on April 7, 2026, as required by the Agreement. *Id.* at 2. Defendants failed to cure within seven calendar days and have made no payments. Importantly, Defendants have not appeared to dispute any of these facts or otherwise oppose Plaintiff's motion.

Fourth, Plaintiff has been damaged by Defendants' failure to make the required payments. *See, e.g.*, *Donna Italia USA, Inc. v. Smart Soda, Inc.*, No. 24-cv-06779 (MMG), 2026 WL 890607, at *4 (S.D.N.Y. Mar. 31, 2026) ("[I]n the event of a breach, damages are clear on the face of the [a]greement itself, and are undisputed: the outstanding principal amount[.]"). Accordingly, Plaintiff is entitled to enforcement of the Settlement Agreement by entry of the consent judgment. *See Romero*, 2021 WL 860986, at *4-5; *Martinez v. Rockwood*, No. 23-cv-10058 (GS), 2025 WL 459893, at *4 (S.D.N.Y. Feb. 11, 2025); *Tendilla*, 2021 WL 2209873, at *4.

## III.    The Default Judgment Amount Is Enforceable

The Court also concludes that Plaintiff is entitled to judgment in the full amount owed pursuant to the Settlement Agreement's terms. The Settlement Agreement provides that, upon an uncured default, Defendants become jointly and severally liable for $112,500, minus any amount previously paid. Settlement Agreement § 1.h. Because Defendants have paid nothing,

6

the amount due under the Settlement Agreement is $112,500.  The judgment Plaintiff seeks is

therefore 50% more than the outstanding amount due under the Settlement Agreement ($75,000).

However, "that circumstance does not render the [consent] [j]udgment unenforceable."

*Martinez*, 2025 WL 459893, at *4.  Rather, the default provision here is enforceable for several

reasons.  First, the parties were represented by counsel and negotiated the Settlement Agreement

at arm's length after mediation.  Second, Defendants agreed to pay the settlement amount over

time rather than in a single lump sum.  The default provision was designed to secure timely

payment and to compensate Plaintiff for the risks and costs associated with delayed payment,

nonpayment, and further enforcement proceedings.  Third, the Settlement Agreement expressly

states that the default provision was a *sine qua non* of Plaintiff's agreement to accept installment

payments, and Defendants expressly agreed that the provision was not a penalty or forfeiture and

waived any future argument to the contrary.  Settlement Agreement § 1.h.  Courts in this Circuit

have enforced comparable default provisions in FLSA settlement agreements where the

provision was expressly negotiated and tied to an uncured payment default.  *See, e.g.*, *Torres v. K*

*& T Provisions, Inc*., No. 20-cv-05642 (WFK) (MMH), 2026 WL 865713, at *4 (E.D.N.Y. Mar.

30, 2026) ("[B]ecause the parties agreed that liquidated damages would be due to [p]laintiff if

[d]efendants breached the [a]greement, [p]laintiff is entitled to this bargained-for contractual

penalty." (citation omitted)); *Romero*, 2021 WL 860986, at *4 (awarding contractual penalty of

10% of balance owed upon breach by defendant); *Tendilla*, 2021 WL 2209873, at *2-3 (same);

*Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 249 (S.D.N.Y. 2015)

(awarding contractual penalty of 30% of balance owed upon breach); *Martinez*, 2025 WL

459893, at *4 (awarding contractual penalty of 45% of balance owed upon breach).  In these

circumstances, and particularly in light of Defendants' express agreement to the provision, their

execution of the consent judgment, and their failure to oppose Plaintiff's motion, the Court finds that the $112,500 default amount is enforceable.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to enforce the Settlement Agreement and enter the consent judgment is GRANTED. The consent judgment will be entered in favor of Plaintiff Jose Hernandez and against Defendants Auto Perfection Associates, Inc. and Daniel Maya, jointly and severally, in the amount of $112,500.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 65.

Dated: May 7, 2026
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge